UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  5:22-cv-01505-JFW-MAA                                                                                Date:  February 2, 2023

Title:       _Sacorey Clark v. Ms. McKinney, et al._

Present:     The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Christianna Howard  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**          Order re: Filing of Petition

      On August 24, 2022, Petitioner Sacorey Clark ("Petitioner"), a federal inmate currently incarcerated at FCI Victorville, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition").  (Pet., ECF No. 1.)

      The Court _sua sponte_ examines whether this United States District Court for the Central District of California has jurisdiction to entertain the Petition.  For the reasons discussed below, the Court directs Petitioner to explain why the first ground raised in the Petition ("Ground One") should not be characterized as a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismissed as an uncertified second or successive Section 2255 motion.

      Petitioner challenges a fifteen-year sentence he sustained in May 2018 in the United States District Court for the Eastern District of Missouri after being convicted of possession of a firearm by a felon (18 U.S.C. § 922(g)(1)) and sentenced pursuant to the Armed Career Criminal Act (18 U.S.C. § 924(e)(1), "ACCA").  (_See_ Pet. 42[1]); _see also_ J. in Criminal Case, _United States v. Clark_, No. 4:16-cr-00107-JAR (E.D. Mo. May 9, 2018), ECF No. 222.[2]  The Petition alleges eight grounds for relief.

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

[2] The Court takes judicial notice of Petitioner's prior proceedings in the United States District Court for the Eastern District of Missouri and in the Eighth Circuit Court of Appeals.  _See_ Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); _Harris v. Cty. of Orange_, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:22-cv-01505-JFW-MAA                                                                 Date:  February 2, 2023

Title:      Sacorey Clark v. Ms. McKinney, et al.

(Pet. 8–12.)  In Ground One, Petitioner alleges his sentence was imposed in violation of the ten-year maximum sentence provided under 18 U.S.C. § 924(a)(2) and in violation of the Eighth Amendment.[3]  (Pet. 8–9.)  In Grounds Two through Eight, Petitioner challenges "individual officer actions" and various incident reports for exceeding or not complying with 28 C.F.R. §§ 541, 542 and 551 and requests—in addition to relief pursuant to Section 2241—the correction of records, including good time credits and custody classification scores, and dismissal and expungement of the incident reports.  (See id. at 9–12.)  In addition, in Ground Two and Grounds Five through Eight, Petitioner requests the "bond or coverage policy number, other policy information and contact information with respect to the said individual officer(s) involved."  (Id. at 9–12.)

Before initiating the instant Petition, Petitioner filed at least one motion pursuant to Section 2255 ("Section 2255 Motion").  (See id. at 3–4); see also Mem. Order, Sacorey Clark v. United States, No. 4:21-cv-00127-JAR (E.D. Mo. Dec. 15, 2021), ECF No. 36 (denying Petitioner's Section 2255 motion on the merits).  On December 12, 2022, the Eighth Circuit of the United States Court of Appeals denied Petitioner a certificate of appealability for Petitioner's Section 2255 Motion.  See J., Clark v. United States, No. 22-2907 (8th Cir. 2022), Dkt. No. 75 (considering Petitioner's notice of appeal to be an application for certificate of appealability, denying the application for certificate of appealability and dismissing appeal).

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to [28 U.S.C. § 2241] or [28 U.S.C. § 2255] before proceeding to any other issue."  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  Id. at 864–65.  Section 2255 generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  But a federal inmate is limited to one Section 2255 motion unless he obtains a certificate from a United States Court of Appeals authorizing him to bring a second or successive motion.  See 28 U.S.C. § 2255(h).

---

[3] Specifically, Petitioner asserts that his fifteen-year sentence pursuant to the ACCA is unlawful because he lacked the three violent felony convictions required to be sentenced under the ACCA.  (Pet. 8–9.)  Petitioner alleges that one of the three convictions forming the basis for his sentencing under the ACCA—a conviction for second-degree assault (Mo. Rev. Stat. §565.060.1)—has a mens rea of recklessness and therefore, under Borden v. United States, 141 S. Ct. 1817 (2021), does not qualify as a violent felony under the ACCA.  (Id. at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:22-cv-01505-JFW-MAA                                                          Date:  February 2, 2023

Title:      *Sacorey Clark v. Ms. McKinney, et al.*

      Although "restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241," *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), in limited circumstances an inmate who already has brought a Section 2255 motion may challenge the legality of detention by means of a Section 2241 action.  *See Alaimalo v. United States*, 645 F.3d 1042, 1046–47 (9th Cir. 2011).  Pursuant to Section 2255(e), often referred to as the "escape hatch" or "savings clause," a petitioner may challenge the legality of his sentence in a Section 2241 petition in the custodial court if "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez*, 204 F.3d at 865 (quoting 28 U.S.C. § 2255(e)); *see also Lorentsen*, 223 F.3d at 953 (referring to Section 2255(e) as an "escape hatch").

      A petitioner may utilize the savings clause only if (1) the petition presents a claim of actual innocence, and (2) the petitioner has not had an unobstructed procedural shot at presenting that claim."  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  "To establish actual innocence for the purposes of habeas relief, a petition must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Alaimalo*, 645 F.3d at 1047 (citation and quotation marks omitted).  An individual who "was convicted for conduct not prohibited by law" is actually innocent.  *Id.*  In considering whether the petitioner had an unobstructed procedural shot at presenting his claim, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Id.* (citation and quotation marks omitted).

      Here, in Ground One, Petitioner challenges the legality of his conviction and sentence, not the manner, location, or conditions of the execution of the sentence.  (*See* Pet. 8–9.)  Thus, unless the savings clause applies, the first claim in the Petition should be construed as a Section 2255 motion, not as a claim for relief in a Section 2241 petition.  *See Harrison*, 519 F.3d at 961–62 (characterizing a Section 2241 petition not "brought pursuant to the escape hatch" as a "disguised" Section 2255 motion).

      The allegations in the Petition do not meet the savings clause requirements.  *First*, Petitioner does not assert a valid claim of actual innocence.  In Ground One, Petitioner contends that his sentence under the ACCA is unlawful because his prior conviction for second-degree assault under Missouri Revised Statute section 565.060.1 ("Section 565.060.1") does not qualify as a violent felony under the ACCA in light of *Borden* holding that a crime with a *mens rea* of recklessness does not qualify as a violent felony under the ACCA.  (Pet. 9, 13 (citing MO. REV. STAT. § 565.060.1).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:22-cv-01505-JFW-MAA                                                                Date:  February 2, 2023

Title:       *Sacorey Clark v. Ms. McKinney, et al.*

Petitioner takes issue with the denial of his Section 2255 Motion, contending that there was a "defect in the integrity of the federal habeas proceeding" and that previous rulings "precluded a merits determination linked to the *Borden* claim raised by Petitioner." (*Id*. at 8.)

      Though Petitioner does not expressly assert a claim of actual innocence in Ground One, he incorporates by reference (*id*. at 13) and includes as "Exhibit No. #001" documents titled "Motion Under Fed. Civ. P. Rule 60(b)(6)" and "Attached Memorandum No. #0001 in Support of Motion Under Fed. Civ. P. Rule 60(b)(6)" ("Exhibit One"), which the Court will liberally construe to articulate a claim of actual innocence of Petitioner's sentence under the ACCA (*id*. at 47–59). Specifically, in Exhibit One, Petitioner contends that he "has been convicted for activities that the federal law does not punish, nor has made criminal" because one of the three convictions forming the basis for his ACCA sentence has a *mens rea* of recklessness and therefore, under *Borden*, does not qualify as a violent felony under the ACCA (*id*. at 53, *see id*. at 56). Petitioner's allegations regarding whether Section 565.060.1 constitutes a violent felony are irrelevant to the question of whether Petitioner was actually innocent of either possession of a firearm as a felon or the prior conviction of second-degree assault. *See Marrero*, 682 F.3d at 1193 ("[A] purely legal claim that has nothing to do with factual innocence . . . is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch."). Even if Petitioner could show that the second-degree assault statute has a *mens rea* of recklessness, which, as discussed below, the sentencing court did not find to be the case, he does not show that he is actually innocent of his convictions for either second-degree assault or possession of a firearm as a felon or was convicted for conduct not prohibited by those statutes.

      *Second*, even if Petitioner presents a valid claim of actual innocence, he already had an unobstructed procedural shot to assert such a claim. *Borden*, the case upon which Petitioner relies to claim that his sentence under the ACCA is unlawful, was published on June 10, 2021, over two months before Petitioner filed his August 16, 2021 Section 2255 Motion. *See* Am. Mot. Vacate, Set Aside or Correct Sentence, *Clark*, No. 4:21-cv-00127-JAR, ECF No. 25. As a result, the legal basis for Ground One arose before he exhausted his Section 2255 Motion and the law did not change "in any way relevant to [P]etitioner's claim after that first § 2255 motion." *Alaimalo*, 645 F.3d at 1047.

      Additionally, though Petitioner's Section 2255 Motion did not reference *Borden* by name, he made the same claim as presented in Ground One—that his prior conviction for second-degree assault does not qualify as a violent felony under the ACCA because it has a *mens rea* of recklessness. *See* Am. Mot. Vacate, Set Aside or Correct Sentence, *Clark*, No. 4:21-cv-00127-JAR,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:22-cv-01505-JFW-MAA                                              Date:  February 2, 2023

Title:       *Sacorey Clark v. Ms. McKinney, et al.*

ECF No. 25, at 18–22.  In the order denying the Section 2255 Motion, the sentencing court considered *Borden*, applied the holding to Petitioner's claim, and found it did "not affect [the] Court's determination that Petitioner's second-degree assault conviction qualifies as a violent felony under the ACCA."  Mem. Order, *Clark*, No. 4:21-cv-00127-JAR, ECF No. 36, at 14.  The sentencing court explained that each subsection of Section 565.060.1 sets forth separate offenses and the subsection under which Petitioner was convicted—attempt to cause or knowingly cause physical injury to another person by means of a deadly weapon or dangerous instrument (*see* MO. REV. STAT. § 565.060.1(2))—consistently has been found to be a violent felony under the ACCA by the Eighth Circuit.  *See id*. at 12–14.

Moreover, the docket from the action in which Petitioner filed his Section 2255 Motion reflects that Petitioner raised a claim under *Borden* in a subsequent Motion for Relief Under Rule 60(b), Further Relief Under 28 U.S.C. § 2255, and Certificate of Appealability filed on January 28, 2022.  *See* Mot. for Relief, *Clark*, No. 4:21-cv-00127-JAR, ECF No. 41.  Though the Court denied the motion as second or successive after finding it rehashed the same arguments raised in the Section 2255 Motion, the Court stated that in the alternative, it would deny the claims on the merits.  *See* Mem. Order, *Clark*, No. 4:21-cv-00127-JAR, (E.D. Mo. Feb. 3, 2022) ECF No. 42, at 3.  The Court explained that "while Petitioner accurately summarizes the *Borden* decision, he ignores this Court's previous explanation that Petitioner's relevant underlying violent felony was for 'attempting to cause or knowingly causing physical injury to another person by means of a deadly weapon or instrument in violation of MO. REV. STAT. § 565.060.1(2).'"  *Id*. at 3–4 (quoting Mem. Order, *Clark*, No. 4:21-cv-00127-JAR, (E.D. Mo. Dec. 15, 2021) ECF No. 36, at 12).  As a result, Petitioner's claim under *Borden*, raised in Ground One of the Petition, already has been presented and denied by the sentencing court, and therefore Petitioner did not lack an unobstructed procedural shot to raise this claim for relief.

In sum, the Petition does not show that the savings clause is applicable to this action.  Thus, unless Petitioner can demonstrate in a written response to this Order that his action may be brought pursuant to the savings clause, the Petition must proceed pursuant to Section 2255.

Petitioner previously filed a Section 2255 motion regarding the conviction and sentence challenged in the instant Petition.  (*See* Pet. 3–4); *see also* Mem. Order, *Clark*, No. 4:21-cv-00127-JAR, ECF No. 36 (denying Petitioner's Section 2255 motion on the merits).  Petitioner does not indicate that he has obtained a certification from the Ninth Circuit authorizing him to file a second or successive Section 2255 motion.  Should the Court construe the first claim raised in the Petition as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:22-cv-01505-JFW-MAA                                         Date:  February 2, 2023

Title:     _Sacorey Clark v. Ms. McKinney, et al._

motion pursuant to Section 2255, dismissal would be appropriate in light of Petitioner's previous Section 2255 motions.  *See United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." (citing *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007))).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend characterization of Ground One of the Petition as a motion made pursuant to Section 2255, and dismissal of Ground One as an unauthorized second or successive Section 2255 motion.  Petitioner shall file a written response addressing the Court's concerns **no later than thirty (30) days** after the date of this Order.  Alternatively, Petitioner may withdraw Ground One from the Petition in a written response to the Court's Order.

**Petitioner is cautioned that failure to respond to this Order to Show Cause within thirty (30) days of this Order will result in a recommendation that Ground One be summarily dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h) and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.**

This Order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.