UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **5:22-cv-01505-JFW-MAA**                                    Date: **April 3, 2023**

Title  <u>*Sacorey Clark v. Ms. McKinney, et al.*</u>

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Narissa Estrada  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:          Attorneys Present for Respondent:
N/A                                                                      N/A

**Proceedings (In Chambers):**     Order to Show Cause Re: Dismissal for Lack of Prosecution

**<u>Background</u>**

On August 24, 2022, Petitioner Sacorey Clark ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition"). (Pet., ECF No. 1.) The Petition alleges eight grounds for relief. (Pet. 8–12[1].) In Ground One, Petitioner alleges his sentence was imposed in violation of the ten-year maximum sentence provided under 18 U.S.C. § 924(a)(2) and in violation of the Eighth Amendment.[2] (Pet. 8–9.) In Grounds Two through Eight, Petitioner challenges "individual officer actions" and various incident reports for exceeding or not complying with 28 C.F.R. §§ 541, 542 and 551 and requests—in addition to relief pursuant to Section 2241—the correction of records, including good time credits and custody classification scores, and dismissal and expungement of the incident reports. (*See id*. at 9–12.) In addition, in Ground Two and Grounds Five through Eight, Petitioner requests the "bond or coverage policy number, other policy information and contact information with respect to the said individual officer(s) involved." (*Id*. at 9–12.) On January 27, 2023, Petitioner's Request to Proceed Without Prepayment of Filing Fees was granted. (ECF Nos. 5, 6.)

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the Petition.

[2] Specifically, Petitioner asserts that his fifteen-year sentence pursuant to the Armed Career Criminal Act (18 U.S.C. § 924(e)(1), "ACCA") is unlawful because he lacked the three violent felony convictions required to be sentenced under the ACCA. (Pet. 8–9.) Petitioner alleges that one of the three convictions forming the basis for his sentencing under the ACCA—a conviction for second-degree assault (Mo. Rev. Stat. §565.060.1)—has a *mens rea* of recklessness and therefore, under *Borden v. United States*, 141 S. Ct. 1817 (2021), does not qualify as a violent felony under the ACCA. (*Id*. at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01505-JFW-MAA**                                    Date: **April 3, 2023**

Title      ***Sacorey Clark v. Ms. McKinney, et al.***

On February 2, 2023, the Court issued an Order re: Filing of Petition, ordering Petitioner to show cause why the Court should not recommend characterization of the Petition as a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismissal of the action as an unauthorized second or successive Section 2255 motion.  (ECF No. 7.)  The Court ordered Petitioner to respond to the Order by no later than March 6, 2023.  (*Id.* at 5.)

**Discussion**

To date, Petitioner has not responded to the Court's Order re: Filing of Petition as required. Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE by no later than May 3, 2023** why the Court should not recommend that the case be dismissed for lack of prosecution and failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.

**Failure to comply with this Order by May 3, 2023 may result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

The Court *sua sponte* conducted a search of the Federal Bureau of Prisons public website ("BOP Website") for Petitioner's name and discovered a discrepancy between the address of record with the Court and the address on this website.  According to the BOP Website, it appears that Plaintiff has been relocated to USP Yazoo City.  *Find an Inmate*, BOP INMATE LOCATOR, https://www.bop.gov/inmateloc/ (last visited March 28, 2023).

Petitioner is reminded of his obligation to keep the Court apprised of his current address, telephone number (if any), and e-mail address (if any).  *See* C.D. Cal. L.R. 41-6.  In light of the Court's uncertainty regarding Petitioner's current address, and in an effort to afford Petitioner every opportunity to litigate his case, this one time only, the Court will mail this order and the Order re: Filing of Petition to both his address of record and USP Yazoo City.  Petitioner is cautioned that, thereafter, the Court will mail all documents to Petitioner at his address of record as provided by him.

Accordingly, the Court **DIRECTS** the Clerk's Office to serve this Order and the Order re: Filing of Petition (ECF No. 7) by U.S. Mail to Petitioner at both the address currently listed on the Court's docket and to the following address:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:22-cv-01505-JFW-MAA**                                   Date: **April 3, 2023**

Title     <u>**Sacorey Clark v. Ms. McKinney, et al.**</u>

Sacorey Clark
Register Number: 45720-044
USP Yazoo City
P.O. Box 5000
Yazoo City, MS 39194

     This Order is non-dispositive.  However, if Petitioner believes this Order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

     It is so ordered.